## In re DeSimone Petition for Reinstatement

Disciplinary Board Docket no. 11 D.B. 2002.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

TODD, *Member,* September 23, 2009—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Mark Anthony DeSimone, petitioner, was suspended from the practice of law for a period of two years and eight months by order of the Supreme Court of Pennsylvania dated February 4, 2004, retroactive to January 31, 2002. This suspension followed petitioner's criminal conviction of one count of income tax evasion. On August 26, 2004, petitioner filed a petition for reinstatement to the bar of the Supreme Court of Pennsylvania. The petition was denied on the basis that petitioner had failed to satisfy the continuing legal education requirements.

On March 27, 2008, petitioner filed a second petition for reinstatement. Office of Disciplinary Counsel filed a response on September 26, 2008 and did not take a position on reinstatement.

A reinstatement hearing was held on December 18, 2008, before a District IV Hearing Committee comprised of Chair Laura Ann Ditka, Esquire, and Members Anthony R. Himes, Esquire and Henry M. Casale, Esquire. Petitioner was represented by John E. Quinn, Esquire. Petitioner testified on his own behalf, presented the testimony of two witnesses, and submitted four letters of reference.

Following the submission of a brief by petitioner, the Hearing Committee filed a report on April 22, 2009 and recommended that the petition for reinstatement be denied.

Petitioner filed a brief on exceptions and request for oral argument on May 12, 2009. Office of Disciplinary Counsel did not file a brief.

Oral argument was held before a three-member panel of the Disciplinary Board on June 16, 2009.

This matter was adjudicated by the Disciplinary Board at the meeting on July 18, 2009.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Mark Anthony DeSimone. He was born in 1955 and was admitted to practice law in the Commonwealth of Pennsylvania in 1980. His current address is 17566 Circle Pond Court, Boca Raton, Florida.

(2) Petitioner is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) In 2002 petitioner entered a plea of guilty in the United States District Court for the Western District of Pennsylvania to one count of income tax evasion.

(4) Petitioner was sentenced to 12 months and one day in federal prison, with two years of supervised release following his imprisonment, a fine of $30,000 and a special assessment.

(5) Petitioner completed the terms of his sentence without incident.

(6) By order of the Supreme Court of Pennsylvania dated February 4, 2004, petitioner was suspended from the practice of law for a period of two years and eight months, retroactive to January 31, 2002.

(7) Petitioner filed a petition for reinstatement in 2004, which was denied due to petitioner's failure to complete required CLE courses.

(8) Petitioner filed a second petition for reinstatement on March 24, 2008.

(9) Petitioner has fulfilled his CLE requirements for reinstatement.

(10) Petitioner has reviewed numerous legal periodicals and advance sheets to keep apprised with the current state of the law.

(11) For the past seven years, petitioner has been engaged in real estate development projects in Florida and in other business activities.

(12) Petitioner has not engaged in the practice of law since his suspension.

(13) Petitioner has volunteered his time to charitable and social service activities since his suspension, including C.C. Riders, a charity that raises money for Make A Wish Foundation, and the American Heritage Father's Club, an organization that provides outings for fathers and their children.

(14) Petitioner expressed sincere remorse for his misconduct.

(15) Petitioner desires reinstatement so that he can perform legal services to the various business interests in which he is involved as an owner/investor.

(16) Petitioner presented two witnesses, each of whom has known petitioner for more than 20 years.

(17) J. Michael Sabatini is a CPA. Mr. Sabatini provided credible testimony as to petitioner's good reputation in the community for integrity and honesty. Mr. Sabatini would not hesitate to hire petitioner as his attorney.

(18) David Cherup is a real estate developer and has been involved in various real estate transactions with petitioner since 2004. He is also involved in charitable endeavors with petitioner. Mr. Cherup would trust petitioner to provide good legal services to him.

(19) Petitioner presented four letters of reference, including a former law partner who was a federal prosecutor; a personal friend; and two past or present business partners. Each of these individuals found petitioner to be competent, reliable and trustworthy.

(20) In response to question 10(c) of the reinstatement questionnaire, petitioner failed to disclose that a confes-

sion of judgment was entered against him on January 18, 2008.

(21) Petitioner owed a debt to American Manufacturers Mutual Insurance Company, which was confirmed by a letter of June 4, 2007 from Amy Bentz, legal counsel to the insurance company.

(22) The letter stated that petitioner agreed to repay a $60,000 debt in two installments: $42,000 was paid immediately and $18,000 was to be paid on or before August 3, 2007.

(23) Petitioner executed a promissory note, dated June 4, 2007, which stated that he unconditionally promised to pay the insurance company $18,000 on or before August 3, 2007.

(24) Petitioner failed to pay the $18,000 by the due date.

(25) At some point prior to November 28, 2007, petitioner made a payment in the amount of $6,000.

(26) As a result of petitioner's failure to pay the $12,000 balance, on January 18, 2008, a confession of judgment was entered against petitioner.

(27) Petitioner made an additional payment of $6,000 on February 29, 2008.

(28) Petitioner paid the final $6,000 at the end of April 2008.

(29) In response to question 11(a) of the reinstatement questionnaire, petitioner did not provide detailed information as to the compensation earned from 1997 to

present, specifically as to his investment in a company called HIS and his ownership of HIS LLC.

(30) Petitioner provided additional information on his investment in HIS and HIS LLC, to the satisfaction of Office of Disciplinary Counsel and the Hearing Committee.

(31) Office of Disciplinary Counsel does not oppose the petition for reinstatement.

## III. CONCLUSIONS OF LAW

(1) Petitioner has presented clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for reinstatement to practice law in the Commonwealth. Pa.R.D.E. 218(c) (3).

(2) Petitioner's resumption of the practice of law in the Commonwealth will be neither detrimental to the integrity and standing of the bar or administration of justice nor subversive of the public interest. Pa.R.D.E. 218(c)(3).

## IV. DISCUSSION

Petitioner seeks reinstatement to the bar of the Supreme Court of Pennsylvania following his suspension for two years and eight months. After a reinstatement hearing during which petitioner testified and presented two witnesses and four letters of reference, and after considering petitioner's brief, the Hearing Committee recommended denying the petition for reinstatement..

The committee based its recommendation on two issues. First, the committee found that petitioner omitted information concerning his ownership of HIS in response to question 11(a) of the questionnaire. The committee concluded that this omission raises doubts as to petitioner's moral qualifications.

The board's review of the record shows that while petitioner did fail to disclose his ownership interest, he subsequently provided additional information regarding HIS, which was found satisfactory by both Office of Disciplinary Counsel and the Hearing Committee. Indeed, the committee states in the discussion portion of its opinion that nothing in the information provided caused the committee any significant concern. Thus, there is no basis to find that petitioner's omission constitutes a lack of moral qualification.

The committee next found that petitioner failed to disclose a confession of judgment against him in response to question 10(c) of the questionnaire. As the facts above demonstrate, petitioner agreed to pay a settlement to American Manufacturers Mutual Insurance Company on June 4, 2007. Petitioner paid part of the debt but failed to pay the balance by August 3, 2007. At the time that judgment was entered on January 18, 2008, petitioner owed $12,000. He paid an additional $6,000 in February 2008. At the time petitioner filed his petition for reinstatement on March 27, 2008, he owed $6,000, which he paid by April 2008. While technically petitioner should have answered the questionnaire more fully on this subject, the fact remains that by the date of the reinstatement hearing on December 18, 2008, the judgment was paid.

Petitioner conceded that the debt to the insurance company should have been included and provided a reasonable, logical and honest explanation for his handling of the debt and failure to disclose the confession of judgment in the questionnaire. The board finds that petitioner's failure to disclose this judgment does not constitute a lack of moral qualification.

The totality of the record shows that petitioner met his burden under Pa.R.D.E. 218. Petitioner fulfilled his CLE requirements and has kept apprised of the law. Petitioner has been gainfully employed in a non-legal capacity and has not engaged in the practice of law nor held himself out to be a licensed lawyer. Petitioner has remained committed to charitable activities. Petitioner's character witnesses provided credible evidence of his good reputation in the community for honesty and integrity. Importantly, petitioner has shown sincere remorse and conducted himself in a candid fashion throughout these proceedings. For these reasons the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Mark Anthony DeSimone, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

254

Expenses Incurred in the Investigation and Processing of the above Petition for Reinstatement*

| | | | |
|---|---|---|---|
| 02/03/2004 | 14 copies of Supreme Court order | $ | 7.00 |
| 02/27/2006 | 14 copies of Supreme Court order | | 7.00 |
| 03/27/2008 | 14 copies of petition for reinstatement and reinstatement questionnaire | | 553.00 |
| 09/26/2008 | 14 copies of Office of Disciplinary Counsel's response to petition for reinstatement | | 21.00 |
| 04/22/2009 | 14 copies of Hearing Committee report | | 105.00 |
| 11/17/2009 | Transcripts of prehearing conference held 11/05/2008 | | 119.00 |
| 01/07/2009 | Transcripts of hearing held 12/18/2008 | | 347.00 |
| | TOTAL AMOUNT DUE | | $1,159.00 |

Make check payable to PA Disciplinary Board

Payment is required upon receipt of order

*Submitted pursuant to Rule 208(g) of the Pa.R.D.E. and §93.111 of the Disciplinary Board Rules.

### ORDER

And now, December 16, 2009, upon consideration of the report and recommendations of the Disciplinary

Board dated September 23, 2009, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.